UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Anthony J. Griffin,

     Plaintiff,

v.

Merit System Protection Board,

     Defendant.

Case No. 3:21-cv-05385-MJP

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1. Plaintiff is *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis.*

## BACKGROUND

Plaintiff brings this action against the Merit System Protection Board. *See* Dkt. 1. He asserts that the federal statues at issue include 18 U.S.C. 4108 (Verification of Consent of Offender to Transfer to the United States), 18 U.S.C. 241 (Conspiracy Against Rights), 42 U.S.C. 14141 (Law Enforcement Misconduct), 42 U.S.C. 14142 (The Public Health and Welfare), 18 U.S.C. 2339c (Prohibitions Against the Financing of

REPORT AND RECOMMENDATION - 1

Terrorism) and 18 U.S.C. 2441 (War Crimes). *See* Dkt. 1-1. With respect to damages, plaintiff demands up to $100,000,000 due to defendant's "negligence." *See id.*

DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [plaintiff] with notice of the deficiencies in his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991); *see also*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

REPORT AND RECOMMENDATION - 2

Here, plaintiff's complaint vaguely asserts that he was mis-led by the Federal Government and a "few unscrupulous agencies" in relation to his Social Security number. *See* Dkt. 1-1. He also vaguely questions why he must "carry terrorism" with him. *See id.* In addition, in his motion to proceed *in forma pauperis*, plaintiff states that that the nature of his action relates to child kidnapping, child rape, child torture and his Fourth Amendment rights. *See* Dkt. 1.

Yet, plaintiff has failed to allege any facts whatsoever and has failed to allege a factual basis upon which plaintiff claims any entity or individual defendant is liable. Plaintiff's complaint baldly asserts that his rights have been violated, without explaining specifically who allegedly did or failed to do something that is related to those violations, or whether any acts or omissions occurred that are attributable to any state or federal actor, or any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are frivolous and insufficient to state a claim.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed in *in forma pauperis* should be DENIED.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

REPORT AND RECOMMENDATION - 3

directed to set this matter for consideration on **August 27, 2021**, as noted in the caption. If no objections are filed, and if plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 5th day of August, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4